**KLINGEMAN CERIMELE**
ATTORNEYS

100 Southgate Parkway
Suite 150
Morristown, NJ 07960

klingemanlaw.com

July 28, 2025

**VIA ECF**

Honorable Madeline Cox Arleo
United States District Judge
United States District Court
For the District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:    <u>United States v. Markell Brown and Terence Shaw</u>
             Crim No. 20-864 (MCA)

Dear Judge Arleo:

      We represent Defendant Terence Shaw. The Court has scheduled trial for September 2, 2025 and a status conference for August 5, 2025 at 2:00pm. We understand that the United States Attorney's Office ("USAO") is seeking an adjournment of the trial date and the Court is considering granting the request and potentially rescheduling the trial for late 2025 or in 2026. On behalf of Mr. Shaw, we strongly object and respectfully request that the Court proceed with trial as scheduled on September 2. In the alternative, Mr. Shaw would consent to an adjournment if the Court would order his release from custody pending trial. Mr. Shaw's codefendant, Markell Brown, takes the same position and joins in this letter brief.

**I.    INTRODUCTION**

      The basis for the adjournment request is the termination of the lead prosecutor from the Department of Justice on July 22, less than two months before the trial date. It goes without saying that everyone involved in this case esteems the lead prosecutor. Nevertheless, the Government is capable of being ready by September 2, given its resources. Since July 22, the Government has assigned two additional, veteran prosecutors to the case. Moreover, the Government has been actively preparing the case for trial since at least the entry of the scheduling order on June 5 (ECF No. 88), which imposes deadlines that began with expert disclosures (provided) and FRE 404(b) notice (none provided) on July 14. The Government is due to produce its trial exhibits today, July 28, which presumably would be the result of work that has been underway for some time.

      The tension here is between the Government's ability to be as ready as it would like to be—a non-constitutional consideration—versus Mr. Shaw's right to a speedy trial—a constitutional right regulated by the Speedy Trial Act. The operation of and policy behind the

Speedy Trial Act obligates the Government to begin the trial September 2 or accept a dismissal unless there is specific basis to adjourn the trial contemplate by the Act. In the alternative, Mr. Shaw would consent to an adjournment of the trial date if the Government respects his Speedy Trial right by consenting to his release from custody pending trial. The Government has told defense counsel, however, that it will not consent to release. The Government cannot have it both ways: delaying a long-scheduled trial AND detaining Mr. Shaw beyond the five-plus years he has already been waiting for trial.

The current Speedy Trial continuance was entered on consent of all parties and by design expires September 2 (ECF No. 87), that is, on the peremptory trial date. Your Honor may recall that both Defendants personally agreed to the continuance based on the certainty of the firm trial date. Mr. Shaw has been detained as Essex County Correctional Facility since June 2020 (ECF No. 2) and, after enduring the death penalty review process (twice), is adamant about going to trial on September 2. He will not consent to a further adjournment, at least not to accommodate the Government's need to reconstitute the trial team. The problem here is entirely of the Justice Department's making. The USAO has the capacity to solve it, either by preparing for September 2 or consenting to the Defendants' release from custody pending trial.

## II.   THE SPEEDY TRIAL ACT

The Speedy Trial Act is intended to vindicate a defendant's constitutional right to a speedy trial, that is, to avoid an undue delay in the prosecution caused by the Government responsible for the prosecution. The Speedy Trial Act provides a number of grounds to exclude time under the Act. 18 U.S.C. § 3161(h)(7)(A). Subsection (h)(7) governs the Government's request here: potentially allowing for "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the attorney for the Government." The relevant factors that may justify a delay are "[w]hether the failure to grant such a continuance . . . would unreasonably deny . . . the Government continuity of counsel, or would deny . . . the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Courts analyzing the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(iv) have found that a continuance can only be granted if there is specific support for doing so. *See United States v. Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009) ("[s]imply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough"). In *United States v. Stallings*, the Third Circuit found that the District Court did not abuse its discretion in granting a continuance "from December 2015 to February 2016" because "the prosecutor had a sudden family emergency in late November requiring out-of-state travel with no certain return date, and another multi-defendant trial scheduled for mid-January." 701 Fed. Appx. 164, 170-71 (3d Cir. 2017). In other words, *Stallings* approved a brief adjournment based on circumstances beyond the prosecution's control. That is not the case here.

To justify a continuance over the Defendants' objections, the Court would have to find either an unreasonable denial of continuity of counsel or an inability of the Government to prepare for trial or both. The Government has provided no basis for either conclusion.

As to the continuity of counsel, everyone agrees that the lead prosecutor formerly assigned to the case was highly capable, having handled this case and numerous other similar cases with skill, efficiency, and preparedness. Her colleagues assigned to this case are equal to the task. At least one member of the prosecution team has been involved prior to the departure of the lead prosecutor; he made the expert disclosures on July 14 and presumably considered the 404(b) issue, too. The trial team has been supplemented by two senior prosecutors, one of whom has been effectively handling similar cases for several years, including as a supervisor, and the other of whom has tried a substantial number of these cases over decades as a federal and state prosecutor.

Notably, this problem is of the Department of Justice's own making: The basis for the adjournment request is the termination of the lead prosecutor from the Department of Justice on July 22. The prejudice from this highly regrettable decision should not impact the Defendants. In other words, "continuity of counsel" cannot be a basis for an adjournment when the lack of continuity was procured by the Department of Justice itself.

As to preparation, the U.S. Attorney's Office for the District of New Jersey has historically operated on the principle and policy that "the Government is always ready." In addition to this general posture, the case has been pending for more than five years, the evidence has been gathered and available for trial since at least August 26, 2021 when the lead prosecutor presented a thorough and detailed reverse proffer of the Government's case. The scheduling order, in effect since early June, has obligated the Government to make disclosures that require substantial advance work that, presumably, has been well underway. In addition to its own personnel, the USAO has been supported on this case by the Federal Bureau of Investigation, as well as Hudson County law enforcement.

### III.    RELEASE FROM CUSTODY

The Deputy Clerk has informally suggested that trial could be rescheduled for February or March 2026. If the Government were to persist in seeking an adjournment and the Court were unavailable to schedule the trial until 2026, both Defendants would remain in custody for at least another six or seven months, perhaps longer. This is an intolerable violation of the Defendants' constitutional rights to a speedy trial and/or bail.

Consequently, Defendant Shaw respectfully requests that he be released on a combination of restrictive conditions, including house arrest with electronic monitoring. Defense counsel will present to Pretrial Services specifics including a stable and secure address, a responsible third-party custodian, and an agreement not to have contact with any person who may be a Government trial witness, among other reasonable conditions. The Court may recall that Mr. Shaw himself is the victim of a gunshot wound that severely limits his physical mobility and negatively impacts his health. Further, his lengthy pretrial detention, overlapping with the pandemic, has been incident-free. Finally, of course, Mr. Shaw recognizes that a violation of the release conditions would likely result in an immediate remand back into custody.

The Government almost certainly will point to the allegations in the case to justify further detention. The trial will be the opportunity to litigate those allegations, however, not this

adjournment request. For his part, Mr. Shaw has pleaded "not guilty" and is presumed innocent. A period of release before trial—relatively short compared to the harsh five-year period of pretrial detention—is a small price for the Government to pay to uphold Mr. Shaw's constitutional rights, if the Government is truly unable to be ready for the September 2 trial date.

### IV.   CONCLUSION

For the foregoing reasons, the defendants Terence Shaw and Markell Brown respectfully request either the Court start trial as scheduled on September 2, 2025 or order their immediate release from custody pending a new trial date.

Thank you for Your Honor's thoughtful consideration.

Respectfully submitted,

By:   /s/ Brooke M. Barnett                     /s/ Henry E. Klingeman
      BROOKE M. BARNETT, ESQ.         HENRY E. KLINGEMAN, ESQ.
      Lead Counsel                                  Learned Counsel

c:    All counsel (via ECF)